Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Russell Wilson GILMORE, Defendant-Appellant.**

**No. 28956.**

United States Court of Appeals, Fifth Circuit.

Dec. 9, 1970.

Melvyn Carson Bruder, Dallas, Tex., for appellant.

Eldon B. Mahon, U. S. Atty., Andrew Barr, Charles D. Cabaniss, Asst. U. S. Attys., Dallas, Tex., for appellee.

Before RIVES and SIMPSON, Circuit Judges, and NICHOLS *, Judge of Court of Claims.

PER CURIAM:

This appeal is from a judgment of conviction under an indictment which charged that

"On or about August 15, 1969, in the Northern District of Texas, RUSSELL WILSON GILMORE, defendant, wilfully and knowingly did fail and neglect to perform a duty required of him under and in the execution of the Universal Military Training and Service Act and the rules, regulations, and directions duly made pursuant thereto, in that he did fail and neglect to comply with an order of his Local Board to report for and submit to induction into the armed forces of the United States.

"A violation of Title 50 Appendix, United States Code, Section 462."

On appeal three points are urged:

---

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.

* Honorable Philip Nichols, Jr., sitting by designation.

1. The Statute Under Which the Defendant Was Convicted Is Unconstitutional.

 The constitutionality of 50 App., United States Code § 462 has been upheld by the Supreme Court. United States v. O'Brien, 1968, 391 U.S. 367, 377, 88 S.Ct. 1673, 20 L.Ed.2d 672. See also United States v. Nugent, 1953, 346 U.S. 1, 9, 73 S.Ct. 991, 97 L.Ed. 1417.

2. The Evidence Was Insufficient to Show a Violation of the Offense Charged.

The defendant pleaded guilty and the court, pursuant to Rule 11, Fed.R.Crim. P., properly satisfied itself that there was a factual basis for the plea.

3. The Defendant Was Not Afforded an Opportunity to Enlist in the Regular Army as Provided in 50 App., U.S.C. § 454(c).

He had the opportunity to attempt to enlist until notified to report for induction but made no such attempt. 50 App., U.S.C. § 465(d) provides in part that " * * * no person shall be accepted for enlistment after he has received orders to report for induction * * *."

We find no reversible error and the judgment is

Affirmed.